## J. T. HATFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72788.  Promulgated February 7, 1935.

*M. H. McLean, Esq.*, for the petitioner.
*S. B. Pierson, Esq.*, for the respondent.

OPINION.

SEAWELL: The question is the narrow one of whether the liquidating dividend paid to the petitioner in stock was received by him in 1930. The petitioner admits that the cash was distributed to him in 1930, but insists that the stock was not received until 1931.

The statutes of Kentucky provide that when dissolution of a corporation organized under its laws results from voluntary action of the stockholders, as here, the corporation "may thereafter continue for the purpose of closing up its business but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible." Sec. 561, Carroll's Kentucky Statutes.

The adoption of the resolution on December 2, 1930, to dissolve did not effect a distribution of the corporation's assets among its stockholders. *Mrs. Grant Smith*, 26 B. T. A. 1178; *Frank Kell*, 31 B. T. A. 212. This rule prevails even though upon dissolution title to corporate assets vests in the stockholders. *Wells Fargo Bank & Union Trust Co.* v. *Blair*, 26 Fed. (2d) 532. The same cases are authority for the rule that the mere turning over of assets to liquidating trustees does not constitute receipt of the property by the stockholders for tax purposes. The respondent contends, in effect, that delivery of the assets to McLean for distribution in kind to the stockholders constituted receipt by the stockholders.

The petitioner did not actually receive the stock in 1930 and the delivery of the securities to McLean did not amount to constructive receipt. McLean signed for the stock as agent for the stockholders and the postscript to the letter of December 29, 1930, is that in the distribution of the assets he was acting in behalf of the stockholders. McLean testified that none of the stockholders ever appointed him their agent in the transaction, and it does not appear that any of them ever acquiesced in the purported relationship. It is too well established to require citation of authority that the relationship of principal and agent can not exist without a meeting of the minds of the parties. There was none here between McLean and the stockholders.

The officers of the corporation were charged by statute with the liquidation of the corporation's affairs as promptly as possible. As a

4

means to that end, they designated McLean to receive the property and distribute it in proper proportions to those entitled thereto. To make the distribution on a pro rata basis as required, it was necessary to divide the certificates according to the interest of each stockholder therein. To accomplish this result McLean, with approval of the corporation, on January 9, 1931, placed the stock in the hands of a broker for reissue in the names of the respective stockholders. The reissued stock was not delivered to McLean until March 1931. That the corporation did not intend delivery of the stock to McLean or the broker as conveyance of title or delivery, actual or constructive, to the stockholders, is shown by the corporate letters of December 29, 1930, and January 12, 1931. The whole record shows an intention to withhold delivery of the assets until the stocks had been reissued to the stockholders in the proper proportions.

The facts in *Harry A. Dockum*, 11 B. T. A. 39, and *Taber* v. *United States*, 59 Fed. (2d) 568; certiorari denied, 287 U. S. 636, involved distinguishable facts and are not controlling here.

The assets in question were not actually or constructively received by the petitioner in 1930. It follows that the action of the respondent in regarding the liquidating dividend paid in stock as a distribution made in the taxable year should be and is reversed. See *Mrs. Grant Smith, supra; Wells Fargo Bank & Union Trust Co.* v. *Blair, supra; Avery* v. *Commissioner*, 292 U. S. 210.

The cost or other basis for the stock of the corporation held by the petitioner is not in controversy, and the parties agree that the sum of $12,502.92 cash was distributed to the petitioner in 1930. The petitioner realized no taxable profit in 1930 by reason of the distribution of liquidating dividends by the corporation except to the extent that the cash received exceeds his basis for the stock he held. This profit, if any, will be reflected in the recomputation of petitioner's income tax liability for 1930.

*Decision will be entered under Rule 50.*